**ANTHONY E. COLOMBO, JR.**
California Bar No. 218411
105 West F Street, Suite 309
San Diego, California 92101
Telephone: (619) 236-1704
Facsimile: (619) 236-1852
Email: anthonycolombolegal@gmail.com

Attorney for Vincent Bozzo

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

**(HONORABLE GONZALO P. CURIEL)**

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO.: 20cr2944-GPC |
| Plaintiff, | DATE: June 13, 2022<br>TIME: 8:30 a.m. |
| v. | DEFENDANT'S SENTENCING |
| VINCENT BOZZO, | MEMORANDUM |
| Defendant. | |

TO: RANDY S. GROSSMAN, UNITED STATES ATTORNEY; AND JOSEPH J.M. ORABONA, ASSISTANT UNITED STATES ATTORNEY.

Defendant, Vincent Bozzo ("Mr. Bozzo"), by and through his counsel, Anthony E. Colombo Jr., hereby files the following Sentencing Memorandum.

**I.**

**INTRODUCTION**

Mr. Bozzo is respectfully requesting that the Court impose a sentence of five (5) years probation, and as a condition of probation the following term: $228,130.45 in restitution payable to the Internal Revenue Service. Mr. Bozzo maintains the sentencing mitigation information provided below justifies the sentence requested, and the sentence requested is sufficient but not greater than necessary to achieve all of the statutory goals of sentencing pursuant to Title 18 U.S.C. § 3553(a).

## SENTENCING FACTORS CONSIDERED

### A.       Current Law

The Sentencing Guidelines are advisory, not mandatory. *United States v. Booker*, 543 U.S. 220, 224-25, 259-60 (2005); *United States v. Hantzis*, 625 F.3d 575, 582 (9th Cir. 2010). Accordingly, this Court is authorized to impose a sentence below the Guidelines range. *Booker*, 543 U.S. at 245. The Supreme Court and Ninth Circuit have established a framework for approaching the sentencing process post-*Booker*. *See Rita v. United States*, 551 U.S. 338 (2007); *Gall v. United States*, 551 U.S. 1113 (2007); *Kimbrough v. United States*, 552 U.S. 85 (2007); *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008). Under this framework, the sentencing court must consider all of the factors listed in 18 U.S.C. § 3553(a) when imposing sentence. *Id.*

The overarching statutory charge under 18 U.S.C. § 3553(a) is to "impose a sentence sufficient, but not greater than necessary" to comply with the purposes of sentencing. *See* 18 U.S.C. § 3553(a). Those purposes are the need:

- to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment;
- to afford adequate deterrence;
- to protect the public from future crimes of the defendant; and
- to provide the defendant with necessary educational or vocational training, medical care, or other correctional treatment.

All sentencing proceedings are to begin by determining the applicable Guidelines range. *Carty*, 520 F.3d at 991. The Guidelines are the starting point and the initial benchmark, and are to be kept in mind throughout the process. *Id.* Furthermore, the parties must be given a chance to argue for a sentence they believe is appropriate. *Id.*

The sentencing court must then consider the factors outlined in 18 U.S.C. § 3553(a) to  determine if they support the sentence suggested by the parties, specifically:

- the nature and circumstances of the offense, § 3553(a)(1);
- the history and characteristics of the defendant, § 3553(a)(1);
- the kinds of sentences available, § 3553(a)(3);
- the sentencing guidelines range, § 3553(a)(4);
- pertinent Sentencing Commission policy statements, § 3553(a)(5);

- the need to avoid unwarranted sentencing disparities, § 3553(a)(6); and
- the need to provide restitution to any victims of the offense, § 3553(a)(7).

When considering these factors and determining the appropriate sentence, the sentencing court may not presume that the Guidelines range is reasonable, nor should the Guidelines factor be given more or less weight than any other. *Nelson v. United States*, 129 S.Ct. 890, 892 (2009); *Carty*, 520 F.3d at 991.

This court is "empowered to disagree with the Guidelines, when the circumstances in an individual case warrant." *United States v. Mitchell*, 624 F.3d 1023, 1028 (9th Cir. 2010). Although "[n]o judge is *required* to sentence at a variance with a Guideline" . . . "every judge is at liberty to do so." *Id*. at 1030 (citing *United States v. Corner*, 598 F.3d 411, 416 (7th Cir. 2010)). Under these principles, the court is at liberty to tailor a sentence to the individual defendant. *United States v. Chavez*, 611 F.3d 1006 (9th Cir. 2010) (citing *Kimbrough*, 552 U.S. at 101). Given the application and balancing of the factors in 18 U.S.C. § 3553(a), the sentencing process necessarily involves an exercise in judgment, not a mathematical proof. *United States v. Grossman*, 513 F.3d 592 (6th Cir. 2008). Indeed, rigid mathematical formulas for reviewing outside-guidelines sentences are barred. *Gall*, 552 U.S. at 47.

Furthermore, one of the goals of sentencing remains rehabilitation. *United States v. Moreland*, 568 F. Supp. 2d 674, 687 (S.D. W. Va. 2008). This goal cannot be served if a defendant has nothing to look forward to beyond imprisonment. *Id*. Accordingly, a judge should hesitate to impose a sentence so severe that he "destroys all hope and takes away the possibility of useful life." *Id*. (citing *United States v. Carvajal*, 2005 WL 476125 at *6, 2005 (S.D. N.Y. 2005)). Instead, the district court "shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes [of sentencing]." 18 U.S.C. § 3553(a).

## B. Applicable Sentencing Guidelines

Mr. Bozzo, consistent with the Government, maintains that the following Guidelines are applicable and appropriately applied in this case:

20cr2944-GPC

| | |
|---|---|
| Base Offense Level [U.S.S.G. § 2T4.1(a)(1)] | 16 |
| Tax Preparation Business [U.S.S.G. § 2T1.4(b)(1)(B)] | +2 |
| Acceptance of Responsibility [U.S.S.G. § 3E1.1] | -3 |
| Total Offense Level | 15 |

Mr. Bozzo has zero (0) criminal history points, and he is in a Criminal History Category I. The Sentencing Guideline range for an adjusted offense level of 15, and Criminal History Category I is 18-24 months in custody. Mr. Bozzo is respectfully requesting a sentence of 5 years probation with a condition of probation that requires restitution as stated above as a variance pursuant to the factors outlined in 18 U.S.C. § 3553(a).

## C. **Applicable Factors Pursuant to 18 U.S.C. § 3553(a)**

### 1. **Nature and Circumstances of the Offense**

The Plea Agreement and Presentence Investigation Report ("PSR") provide sufficient information for the Court to consider when evaluating the nature and circumstances of the offense. In general, it is important for the Court to understand that Mr. And Mrs. Bozzo did not set out to commit fraud through their tax preparation business. Their goal was to provide a service to their community while providing an income for themselves. Neither had any formal education or training in preparing tax returns or conducting a tax preparation business. Mr. and Mrs. Bozzo intended to service an under represented portion of their community, and, in fact, did help many taxpayers submit legitimate returns receiving legitimate tax refunds. However, there was a portion of their clientele that provided obvious false information to receive a refund, and unfortunately, Mr. and Mrs. Bozzo submitted the false information. While they must be held accountable for their conduct for facilitating the submission of false returns to the Internal Revenue Service there are factors to consider that mitigate the offense conduct. Mr. Bozzo highlights below for the Court the factors that he believes are essential to the Court's fair determination of an appropriate sentence.

### a. The Offense was Non-violent

Mr. Bozzo's offense did not involve any violence, weapons, threats, or injuries. Although the offense is serious, Mr. Bozzo is a non-violent offender. Mr. Bozzo maintains that as a non-violent offender the need to punish him severely is significantly lessened.

### b. Mr. Bozzo's Sincere Remorse

It is important to note that Mr. Bozzo has "clearly demonstrated acceptance of responsibility for the offense." PSR at 9. In his interview with the Probation Department, Mr. Bozzo expressed his sincere remorse by stating:

> [H]e takes responsibility for what he did and will suffer the consequences for 'running a business I had no business running.' . . . [H]e made a 'drastic mistake' and [his] whole family [has been] devastated by these circumstances. [He is prepared to] accept the punishment for his actions.

PSR at 7. Mr. Bozzo over the course of the last four years dealing with the instant case has already suffered immeasurably over what he has done. He understands what he did wrong and is likely never to repeat the same or similar conduct again.

### c. The Offense Conduct was Committed Five Years Ago and Mr. Bozzo has not Engaged in any Similar Conduct

As the Court is aware Mr. Bozzo's conduct occurred almost 5 years ago. The staleness of the offense conduct, and Mr. Bozzo's responsible approach to his conditions of pretrial release over the course of the last eighteen months should be considered by the Court. *See United States v. Green*, 152 F.3d 1202, 1206 (9th Cir. 1998) (post-offense rehabilitative efforts may be a basis for a downward departure); *United States v. Sklar*, 920 F.2d 107 (1st Cir. 1990) (a defendant's post-arrest rehabilitation might itself provide a ground for a downward departure).

Furthermore, Mr. Bozzo believes it is worth consideration that not all of the tax returns prepared by himself or his wife, Mimi, during the course of their tax preparation business, were fraudulent. They did in fact prepare legitimate returns, and serviced many taxpayers legitimately.

### d. **The Offense Conduct can Never Reoccur**

A condition of the Plea Agreement agreed to by the parties requires Mr. Bozzo, and his wife, Mimi, to be permanently enjoined under Internal Revenue Code §§ 7402 and 7407 from preparing or filing federal tax returns for anyone other than himself. *See* Plea Agreement, Docket Document 55 at 11. The Court should consider that there is no likelihood of the conduct every occurring again given Mr. Bozzo's agreement to be permanently enjoined from engaging in a tax preparation business.

### e. **None of the Taxpayers were Prosecuted**

The Government in its sentencing memorandum never addresses the fact that the tax payers all contributed to the instant conduct. All of the 63 taxpayers in the tax returns prepared by Mr. Bozzo submitted false information to Mr. Bozzo (which he acknowledged he should have been aware was false), and all of the taxpayers benefitted financially with tax refunds, more so than Mr. Bozzo. However, the Government chose not to hold any of the taxpayers accountable for their involvement in the criminal conduct. As a result, Mr. Bozzo has agreed to restitution in an amount far greater than he received, and an amount which includes the refunds received by the taxpayers.

### 2. **History and Characteristics of the Defendant**

The PSR report accurately reflects Mr. Bozzo's history and characteristics. Under Title 18 U.S.C. § 3553(a), this Court should consider Mr. Bozzo's personal history when determining the appropriate sentence for his offense. *Booker* gives district courts the discretion to weigh a multitude of mitigating factors such as age, education, and family ties and responsibilities. *See e.g., United States v. Burgum*, 633 F.3d 810 (9th Cir. 2011); *United States v. Eberhard*, 2005 WL 1384038 (S.D.N.Y. June 5, 2005); *United States v. Coleman*, 370 F.Supp.2d 661, 681 (S.D. Ohio 2005); *Simon v. United States*, 361 F.Supp.2d 35, 48 (E.D.N.Y. 2005); *United States v. Hernandez*, 2005 WL 1242344 (S.D.N.Y. May 24, 2005); *United States v. Carmona-Rodriguez*, 2005 WL 840464 (S.D.N.Y. Apr. 11, 2005); *United States v. Nellum*, 2005 WL 300073 (N.D. Ind. Feb. 3, 2005).

Mr. Bozzo is Sixty-two (62) years old. Age makes recidivism less likely. Defendants "over the age of forty ... exhibit markedly lower rates of recidivism in comparison to younger defendants." *See Measuring Recidivism*: The Criminal History Computation of the Federal Sentencing Guidelines, at 12, 28 (2004). Post-*Booker* courts have noted that recidivism is markedly lower for older defendants. *See e.g., United States v. Eberhard*, 2005 WL 1384038 (S.D.N.Y. June 5, 2005); *United States v. Coleman*, 370 F.Supp.2d 661, 681 (S.D. Ohio 2005); *Simon v. United States*, 361 F.Supp.2d 35, 48 (E.D.N.Y. 2005); *United States v. Hernandez*, 2005 WL 1242344 (S.D.N.Y. May 24, 2005); *United States v. Carmona-Rodriguez*, 2005 WL 840464 (S.D.N.Y. Apr. 11, 2005); *United States v. Nellum*, 2005 WL 300073 (N.D. Ind. Feb. 3, 2005).

Mr. Bozzo is 62 years old and at an age where recidivism is unlikely. Mr. Bozzo believes his age supports a variance when considering the totality of circumstances here.

Furthermore, Mr. Bozzo is a valued member of his community. *See* Exhibit A - Letters in Support. He is viewed as someone who is "constantly helping out in [his neighborhood]." *Id*. He's "spearheaded programs to help the neighborhood poor and indigent." *Id*. Mr. Bozzo is known in his community "as the guy who helps those who need helping." *Id*. Mr. Bozzo requests that the Court consider the service he provides his community, and how he is viewed by his community when considering an appropriate sentence.

### 3. Need to Provide Just Punishment and Respect for the Law

#### a. A Five Year Probationary Sentence is a Sufficient, but Not Greater than Necessary Punishment in this Case

The Supreme Court in *United States v. Gall*, 552 U.S. 38, 128 S.Ct. 586 (2007), recognized that a probationary sentence is not "an act of leniency[, but is rather] a substantial restriction of freedom." *Gall*, 128 S. Ct. 593. Probation is a substantial restriction upon freedom because a probationer must "comply with strict reporting requirements . . .[a probationer] will not be able to change or make decisions about significant circumstances in his life, such as where to live or work, which are prized liberty

20cr2944-GPC

interests, without first seeking authorization from the probation officer or even the court."
*Id*. "Of course the defendant always faces the harsh consequences that await if he violates
the conditions of his probationary term." *Id*. Special conditions of probation can also be
imposed which only add to the severity of the sentence. *Id*. at 596.

In light of *Gall*, and in considering a just sentence individualized for Mr. Bozzo a 5
year probationary sentence with a condition that includes restitution is a fair and just
sentence that demonstrates respect for the law.

Despite the Government's arguments to the contrary, the Ninth Circuit has continually
upheld non-custodial sentences in "white-collar" cases. *See e.g.*, *United States v.
Whitehead*, 532 F.3d 991, 993 (9th Cir. 2008) (affirming sentence of probation and no
imprisonment where the Sentencing Guidelines recommended 41 to 51 months'
incarceration); *United States Ruff*, 535 F.3d 999, 1004 (9th Cir, 2008) (affirming sentence
of no imprisonment where the Sentencing Guidelines recommended 30 to 37 months'
incarceration). Mr. Bozzo's request here is simply not unreasonable and should be
considered by the Court.

### 4. **The Proposed Sentence will Promote Deterrence**

The requested sentence of 5 years probation is sufficient to deter Mr. Bozzo from
engaging in any future criminal conduct. In fact, over the course of the last 5 years, Mr.
Bozzo has demonstrated he needs no court intervention to avoid criminality. Mr. Bozzo has
realized the consequences of his actions, and has vowed to never choose the same path
again. *PSR* at 7. Given all of the circumstances in the case it is very unlikely Mr. Bozzo,
at age 62, will be a recidivist. There is no need to punish him beyond the recommendation
of 5 years probation.

### 5. **The Public will be Protected from Future Crimes by Mr. Bozzo even in the Absence of a Custodial Sentence**

Mr. Bozzo maintains that more appropriate than imposing a lengthy custodial
sentence, consistent with 28 U.S.C. § 994(k), the Court, to the extent possible, should afford
Mr. Bozzo the opportunity to continue to rehabilitate himself, and maintain gainful

employment. *See* 28 U.S.C. § 994(k) (2009) ("The [Sentencing] Commission shall insure that the guidelines reflect the inappropriateness of imposing a sentence to a term of imprisonment for the purpose of rehabilitating the defendant with needed educational or vocational training, medical care, or other correctional treatment"). Gainful employment is the best remedy to avoid recidivism, and thus, protect the public. Mr. Bozzo despite his conviction is employable. There is simply no need for incarceration to protect the public almost 5 years removed from the offense conduct.

## III.

## <u>SENTENCING RECOMMENDATION</u>

Based on the foregoing facts and law, Mr. Bozzo respectfully requests this Court impose a sentence of 5 years probation, and as a condition of probation the following term: restitution in the amount of $ 228,130.45 payable to the Internal Revenue Service.

Respectfully Submitted,

*/s/ Anthony E. Colombo, Jr.*

DATED: June 8, 2022      **ANTHONY E. COLOMBO, JR.**
Attorney for Mr. Bozzo